**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| Cleveland Heights-University Heights School District Board of Education | ) Civil Action No. 5:17-cv-00553-SL |
|  | ) JUDGE SARA LIOI |
| Plaintiff, | ) |
|  | ) |
| v. | ) **DEFENDANTS WALLACE, BACHE,** |
|  | ) **AND WALLACE & BACHE LLC'S** |
| Jason D. Wallace, et. al. | ) **MOTION TO STAY PROCEEDINGS** |
|  | ) |
| Defendants. | ) |
|  | ) |

Now come Defendants Jason Wallace, Daniel Bache and Wallace and Bache LLC ("Defendants"), by and through undersigned counsel, who hereby submit this Motion to Stay the above captioned Proceedings. Defendants request this Stay be granted in the interest of judicial efficiency and economy and to prevent the unnecessary expense of funds by both parties.

Furthermore, Defendants attempted to file this Motion previously with this Honorable Court on or about April 3, 2017 but had a filing error occur. Upon discovery of this error on April 7, 2017 the Defendants corrected the error and are now resubmitting this Motion.

### I. INTRODUCTION

Currently, the Defendants are representing LaRhonda Burton, the party from the underlying administrative hearing the instant action is based upon in a separate case with the Plaintiff before this Honorable Court, presiding Judge Boyko, in a matter captioned *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB. The underlying *Burton* matter is an action regarding a student's right of entitlement to a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act

1

(IDEA) and Section 504 of the Rehabilitation Act (Section 504), along with other claims under the IDEA, Section 504, and the Americans with Disabilities Act.  A parent seeking to bring Section 504 and Americans with Disabilities Act claims alleging certain educational violations, as is occurring in *Burton*, must initiate and complete an IDEA administrative due process hearing prior to filing a claim in federal court pursuant to 20 USC 1415(l), as Mrs. Burton did prior to initiating her action in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB.

Additionally, the outcome of the instant matter is predicated on *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB, and the outcome in that case should be decided prior to the outcome in the instant matter.[1]

As stated more fully below, the present matter should be stayed because:

- This matter in ancillary to the case filed by Mrs. Burton in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB;

- Allowing the proceedings to go forward will create a clear case of inequity for Mrs. Burton and an undue hardship for the Defendants;

- Granting the stay until the resolution of the ancillary matter in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB is reasonable.

## II.    APPLICABLE PROCEDURAL BACKGROUND

The instant action is based upon the underlying due process administrative proceeding in

---

[1] Because the Plaintiff filed the instant claim outside of the statute of limitations period, this matter should eventually be found to be stale regardless of the outcome of the underlying *Burton* matter.

SE 3067-2015, that started with Defendant's filing of a due process complaint on or about February 24, 2015 for their client, LaRhonda Burton, on behalf of her minor child, H.S. The due process complaint essentially alleged, amongst other things, that H.S. was not receiving a proper education from Cleveland Heights-University Heights School District Board of Education (School) and the School committed numerous procedural violations under the IDEA. The Ohio Department of Education appointed Ronald Alexander as the Impartial Hearing Officer (IHO) and a hearing commenced on August 18, 19, 20, 25, November 19, 2015, and January 28, 2016. The IHO issued a 99-page decision on or about July 22, 2016, almost a year and a half after the filing of the due process complaint. The IHO ruled that the School committed procedural violations, but those procedural violations did not cause substantive harm.

Mrs. Burton submitted a Notice of Appeal to the Ohio Department of Education on or about August 31, 2016. The Ohio Department of Education appointed State Level Review Officer (SLRO) Mues to hear the appeal. On or about November 16, 2016 the SLRO issued his decision affirming the IHO's decision in whole.

Since Mrs. Burton finally exhausted her administrative remedies pursuant to 20 USC 1415(l) upon completion of the SLRO's decision, Mrs. Burton timely filed the action with this Honorable Court in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB, on or about February 13, 2017. Whereas, the Plaintiff filed the instant action on or about March 16, 2017, approximately one hundred and twenty-one (121) days after the SLRO issued his decision, despite the statute of limitations being fifteen (15) days when seeking attorneys' fees in an Ohio administrative action pursuant to Ohio Revised Code 119.092. *See King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622, 623 (6th Cir. 2000) (holding the most appropriate state statute of limitations applies to IDEA attorneys' fee actions

since there is not specific statute of limitations regarding attorneys' fees in the IDEA).

### III.   LAW & ANALYSIS: PROCEEDINGS SHOULD BE STAYED

#### A.   STANDARD FOR MOTION TO STAY.

Nearly 75 years ago the United States Supreme Court recognized the inherent power of district courts "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice. *Landis v. N. Am.Co.* (1936), 299 U.S. 248, 249, 254. As Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254. The Supreme Court delineated two basic requirements for the grant of a discretionary stay. First, a party that seeks such a stay "must make a clear case of hardship or inequity in being required to go forward." *Id.* Second, such a stay must have time limit that is reasonable under the circumstances. *Id* at 257. Furthermore, there is nothing per se impermissible about staying a lawsuit until the outcome of another related action has been determined. *Id.* at 258.

"[T]he entry of such an order [to stay] ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

> 1.   REQUIRING THE CASE TO GO FORWARD CREATES A CLEAR CASE OF INEQUITY FOR MRS. BURTON, AND, UNDUE HARDSHIP UPON BOTH PLAINTIFFS AND DEFENDANTS.

As discussed above, Defendants' client, LaRhonda Burton, has a current case pending before this Honorable Court, presiding Judge Boyko, in a matter captioned *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB. Providing discovery to the Plaintiff will cause the Defendants' client, LaRhonda Burton, harm in her case against the School, since it is still pending and on-going and is inextricably intertwined with this matter, thereby creating an undue inequity on Mrs. Burton.

As there is no discovery in the underlying due process proceeding and it is likely *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB will be heard on the standard track, allowing the proceedings to go forward in this matter would allow discovery for the Plaintiffs, thereby allowing them access to records they would otherwise not have in the 1:17-CV-00300-CAB matter, which would create an inequity for Mrs. Burton.

Additionally, allowing the current proceedings to go forward will create a clear case of hardship upon both the Plaintiffs and the Defendants. Plaintiffs are a public agency seeking reimbursement of attorney fees expended in the underlying administrative due process hearing which is inextricably intertwined with Case No. 1:17-CV-00300-CAB. Should the Court find in favor of Mrs. Burton in any fashion, the allegations of frivolousness alleged in Plaintiff's action would become moot. Requiring Defendants to spend time, money and effort, as well as expending this Honorable Court's precious time and resources, in a matter that may resolve the issues, exposes everyone to an increase in expenses and costs; costs the Plaintiff is currently trying to recover. Granting the stay in this matter will prevent the School from further needlessly expending funds should Case No. 1:17-CV-00300-CAB fall in Mrs. Burton's favor, thus, making Plaintiffs' case moot or untimely.

5

Should these proceedings be allowed to go forward, Defendants will be required to expend considerable time and expense responding to discovery requests and other motions in defense of this action. This creates a great hardship upon Defendants, who's main practice is supported through working with clients who are indigent, and the spending time defending the instant action prevents them from working on other matters. Further, Defendants are seeking counsel in this matter and the expense of representation also creates an undue economic hardship upon the Defendants, especially in the light that Case No. 1:17-CV-00300-CAB may significantly change the Plaintiff's untimely cause of action and or make it moot altogether.

The Court's granting of a Stay in this matter will prevent the above-mentioned inequity and hardships and therefore, a stay of proceedings should be granted.

    2.    GRANTING A STAY UNTIL *BURTON V. CLEVELAND HEIGHTS-UNIVERSITY HEIGHTS SCHOOL DISTRICT BOARD OF EDUCATION, 1:17-CV-00300-CAB* IS DECIDED IS REASONABLE UNDER THE CIRCUMSTANCES

Defendants are seeking a stay in this matter only until the final decision is reached in Case No. 1:17-CV-00300-CAB. Both matters are inextricably intertwined and have a common nexus for their cause of action. As Case No. 1:17-CV-00300-CAB may be determinative to the underlying cause of action in this matter, it is reasonable this Honorable Court grant the Stay until Judge Boyko reaches a decision in Case No. 1:17-CV-00300-CAB.

    3.    NEITHER THE OTHER PARTY NOR THE PUBLIC WILL SUFFER HARM FROM THE GRANTING OF THE ORDER.

The Stay should be imposed as the delay will not harm either party in this matter. The Defendants are requesting a Stay only until the decision is reached in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB.

As the Plaintiff's cause of action is for attorneys' fees that accrued previously, it is in the interest of both Parties to insure neither Party incurs more fees needlessly pursuing a matter that

may be deemed moot within such a short time-span. Additionally, should this Honorable Court grant the Stay and Plaintiff prevails in this matter, any recovery of attorneys' fees would not be reduced by the stay. In balancing the hardships of the Parties, it is clear granting the stay will prevent any further alleged harm as neither Plaintiff or Defendants will be accruing more time and expense on the matter until it is deemed necessary.

4.    PRESSING NEED FOR DELAY.

The proceedings in this matter may be rendered either moot or unripe by the decision in *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB, before the Honorable Judge Boyko. Continuing to move forward with the instant proceeding will create an undue burden on both the Defendants and Plaintiffs, since both will need to accumulate documents, take time to answer the requests for interrogatories, admissions, meet with, and possibly depose witnesses.[2] The aforementioned may needlessly increase the cost of the litigation and require the Court's involvement for any necessary hearings or decisions. It is clear granting the stay will further the interest in economical use of judicial time and resources.

## CONCLUSION

Wherefore, Defendants respectfully move this Honorable Court for a Stay of the proceedings in this matter until the culmination of the ancillary matter, *Burton v. Cleveland Heights-University Heights School District Board of Education,* 1:17-CV-00300-CAB, is decided.

---

[2] It is the Defendants belief that no discovery is needed or warranted in this proceeding since the matter is ancillary to the administrative hearing, the Defendants did not have discovery available to them in the underlying administrative matter, and the only relevant issue is whether the Defendants filed a complaint that was frivolous or continued to litigate a claim after it became frivolous.

7

Respectfully submitted,

/s/ Jason Wallace

Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
Attorney for Defendants Wallace, Bache,
and Wallace & Bache LLC

## CERTIFICATE OF SERVICE

I hereby certify on April 7, 2017, a copy of this pleading was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Jason Wallace
Jason Wallace (0090167)
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC