**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| LaRhonda Burton, et al., | ) Civil Action No. 1:17-cv-300 |
| | ) |
| | ) |
| Plaintiffs, | ) JUDGE: CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) **PLAINTIFFS' RESPONSE TO SHOW** |
| | ) **CAUSE ORDER DATED JUNE 23, 2017** |
| Cleveland Heights University Heights School | ) |
| District Board of Education, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ` |

| | |
|---|---|
| | ) |
| Cleveland Heights University Heights School | ) Civil Action No. 5:17-cv-553 |
| District Board of Education, | ) |
| | ) |
| Plaintiffs, | ) JUDGE: CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) **DEFENDANTS' WALLACE, BACHE,** |
| | ) **AND  WALLACE & BACHE LLC'S** |
| Daniel R. Bache, Et al., | ) **RESPONSE TO SHOW CAUSE ORDER** |
| | ) **DATED JUNE 23, 2017** |
| Defendants. | ) |
| | ) |
| | ` |

Now come the Plaintiffs in 1:17-cv-300, LaRhonda Burton, et al., (Burtons) and Defendants in 5:17-cv-553, Jason Wallace, Daniel Bache, and Wallace & Bache LLC, (Wallace & Bache) (hereinafter jointly referred to as "Parties") by and through undersigned counsel, who hereby submit this *Response to Show Cause Order Dated* June 23, 2017, Doc #: 11.  The Parties are responding to the following three direct questions:

      a.  Are there any conflicts in your continued representation of the Burtons and/or your continued self-representation [sic]?

      b.  If there are, are they waivable?

       c.   If waivable, do your clients waive any potential conflicts?

The Parties pray this Honorable Court finds there are no conflicts, and, if there are conflicts, that said conflicts may be waived. A *Memorandum in Support* is attached hereto.

Respectfully submitted,

*/s/ Daniel Bache*
Daniel Bache (0086045)
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
*Attorneys for Plaintiffs*
*Attorneys for Defendants Jason Wallace, Daniel Bache, and Wallace & Bache, LLC*

## **MEMORANDUM**

**A. Are there any conflicts in your continued representation of the Burtons and/or your continued self-representation [sic]?**

The United States District Court Northern District of Ohio applies the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio. Fed.R.Civ.P. 83.7. The Ohio Rules of Professional Conduct provides for issues of conflict of interest in Prof.Cond.R. 1.7, 1.8, 1.10, 1.11.

Prof.Cond.R.1.7 covers when an attorney has a potential conflict of interest in representation of a client:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>     (1) the representation of that client will be directly adverse to another current client;
>     (2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.
> (b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:
>     (1) the lawyer will be able to provide competent and diligent representation to each affected client;
>     (2) each affected client gives informed consent, confirmed in writing;
>     (3) the representation is not precluded by division (c) of this rule.
> (c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:
>     (1) the representation is prohibited by law;
>     (2) the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding.

In the matter before this Honorable Court, there is no conflict of interest as the interests of both the Burtons and the attorneys Jason Wallace, Daniel Bache are all aligned. The Burtons seek redress in their action against the Defendant(s) Cleveland Heights University Heights Board of Education (CHUH) for the Defendants' failure to identify H.S. as a child with a disability, failure

1

to provide a Free Appropriate Public Education, and discriminating against him. Whereas Defendants Wallace, Bache, and Wallace & Bache LLC, (Wallace & Bache) are defending a cause of action alleging the Burtons underlying administrative action was a frivolous filing or continued to litigate the action after it became frivolous.

The interests of the Parties are aligned in this matter as any claim of frivolousness against Wallace & Bache will be rendered moot should the Burtons prevail on any of their claims, whether under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C 1400 et seq., Section 504 of the Rehabilitation Act (504), or the Americans with Disabilities Act (ADA).

As acknowledged by Judge Dan Aaron Polster during a case management conference on June 22, 2017 in case no.: 5:17-cv-00883, this area of law is an area that requires a significant amount of research and knowledge, there are very few attorneys who could adequately represent the Plaintiffs in this area of law, and it would probably cost a significant amount to retain anyone who may have knowledge in this area. Wallace& Bache are two of the few attorneys who practice in this area of the law in Ohio and will be able to provide competent and diligent representation to each potentially affected client. Both Wallace and Bache are extensively familiar with the case law and rules in the Burton's matter and will zealously advocate for the Burton's.

Further, attorney Bache sought counsel from the Ohio Supreme Court Disciplinary Counsel and was advised they did not see any conflicts with either Wallace & Bache representing themselves in the defense of Case No.: 5:17-cv-00553 or Wallace & Bache representing the Burtons while also representing themselves in the 1:17- cv-00300 matter.

Moreover, forcing the Burtons to obtain counsel would create a substantial hardship as they do not have the funds to retain representation in this matter and have been unable to find representation on a contingent fee basis as their current attorneys are being sued for the underlying

2

matter. The Burtons do not have the training and knowledge in the law to be able to represent themselves pro se.

### a. Prof.Cond.R.1.7(a)(2)

In the current matter, there is no *substantial* risk the lawyer's ability to consider, recommend, or carry out an appropriate course of action for the Burtons will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests. As stated above, Wallace & Bache prevail in their defense of 5:17-cv-553 should the Burtons prevail in 1:17-cv-300.

Wallace & Bache have tendered the claim to their insurance and the coverage has been declined. Therefore, Wallace & Bache must help the Burtons prevail to prevent any protect their, Wallace & Bache's, personal interests.

### B. Any conflicts in your continued self-representation?

Prof.Cond.R. 3.7 covers when a Lawyer is a Witness in a matter:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely
to be a necessary witness unless one or more of the following applies:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services
rendered in the case;
    (3) the disqualification of the lawyer would work substantial hardship
on the client.
(b) A lawyer may act as an advocate in a trial in which another lawyer in the
lawyer's firm is likely to be called as a witness unless precluded from doing so by
Rule
1.7 or 1.9.
(c) A government lawyer participating in a case shall not testify or offer the
testimony of another lawyer in the same government agency, except where division
(a)
applies or where permitted by law.

In case no: 5:17-cv-553, Wallace & Bache are defending an action about the nature and value of the legal services rendered in the underlying administrative action. As this Honorable Court is

3

aware, a defendant in an action can represent themselves pro se, forcing Wallace & Bache to retain counsel would create a substantial hardship upon them as they have been advised representation would not be provided by their insurance carrier and the firms they have contacted have requested significant retainers for representation.

### C.  If there are, are they waivable?

The Parties have discussed any potential conflicts of interest and Wallace & Bache have advised the Burton's to seek other counsel to discuss any potential conflicts. Although they firmly believe there are no conflicts, the affected client(s) have given informed consent and will confirm same in writing, to waive any potential conflicts (Waiver).

### D.  If waivable, do your clients waive any potential conflicts?

The Parties assert there is no conflict of interest pursuant to the Ohio Rules of Professional Conduct, however, in the event this Honorable Court deems there may be a conflict of interest, the Parties will provide this Honorable Court with a waiver of any conflict.

### E.  A Stay of Proceedings in 5:17-cv-00553 removes any conflicts.

Wallace & Bache filed a *Motion to Stay Proceedings*, Doc #: 9, in case no.: 5:17-cv-00553. The granting of the Stay would remove any potential conflicts as Wallace and Bache would be best served to see the Burtons prevail in their claims in case no.: 1:17-cv-300. Should the Burtons prevail in their suit, as discussed above, the action against Wallace & Bache, which is ancillary to the 1:17-cv-300 action, would be deemed moot.

### F.  Chilling effect of the fee-shifting suits.

As noted in *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, fee-shifting suits can have a chilling effect upon representation of persons in civil rights matters. Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with

4

a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument, as here. *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.,* 631 F.3d 1117, 1126 (9th Cir. 2011).

The Parties firmly believe CHUH has brought the suits against Wallace & Bache to chill their representation of families seeking to enforce their rights against schools. As Jessica Butler-arkow stated in <u>The Individuals with Disabilities Education Improvement Act of 2004: Shifting School Districts' Attorneys' Fees to Parents of Children with Disabilities and Counsel</u>, 42 Willamette L. Rev. 527, 541–42 (2006), "if there is any doubt about whether an IDEA enforcement action is frivolous, fees should not be shifted. The risk of chilling weak, nonfrivolous cases is simply too high" when citing *Dean v. Riser.*

> A potential plaintiff's fear of an increased risk of being assessed attorney fees after extensive discovery has taken place and who continues to proceed to a ruling on a summary judgment motion, would create a disincentive to the enforcement of civil rights laws and would have a chilling effect on a plaintiff who seeks to enforce his/her civil rights, especially against a government official. *See Dean v. Riser*, 240 F.3d 505, 510 (5th Cir.2001).

Butler Arkow further states:

> In applying the Christiansburg test,
> It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation.
>  [*537] The need to carefully avoid post-hoc review (a.k.a. Monday morning quarterbacking) is of particular concern in deciding whether to shift a school district's attorneys' fees. Much of the court's overall analysis in an IDEA case is post-hoc review. The decision on the merits is often based substantially on reviewing the administrative hearing record. The parents' right to recover attorneys' fees is also a post-hoc analysis dependent on whether the parent prevailed in the underlying litigation.

*Article: The Individuals with Disabilities Education Improvement Act of 2004: Shifting School Districts' Attorneys' Fees to Parents of Children with Disabilities and Counsel,* 42 Willamette L. Rev. 527, 536-537.

The Parties assert the Order of Judge Polster in 5:17-cv-00883, Doc #: 21, is exactly what CHUH was hoping for when they initiated the litigation against Wallace & Bache. Nothing can better exemplify the chilling effect of the fee-shifting suit than the ability of a school to file a suit and prevent further litigation because they have effectively removed the attorneys from the matter.

The purpose of the IDEA is to "ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(B). Thus, the provisions granting attorney's fees should not "improperly discourage[ ] [lawyers] from taking on potentially meritorious IDEA claims." *Oakstone Cmty. Sch. v. Williams*, No. 2:11-CV-1109, 2012 WL 4051322, at *4 (S.D. Ohio Sept. 13, 2012). When a parent has "a statutory remedy available that would arguably have provided additional educational benefit" to her child, "the fact that the arguments were not successful doesn't make them frivolous." *Id.*  When applying the *Christianburg* standard, the Sixth Circuit has found civil rights claims not "without foundation, frivolous, or unreasonable" when they are supported by "some evidence." *Id citing Smith v. Smythe–Cramer Co..,* 754 F.2d 180, 186 (6th Cir.1985).

Here, CHUH is attempting to drive Wallace & Bache out of representing families in their claims by asserting they were frivolous to begin with. However, CHUH also knows the claims must be run through the IDEA due process administrative procedure prior to bringing any Section 504 or federal claims requiring exhaustion. It is CHUH's fear of these claims, as well as the possibility of the underlying action being overturned, which drives them to retaliate against the Burtons and their counsel.

6

**WHEREFORE,** the Parties pray this Honorable Court will find the above stated reasons as good cause and find there are no conflicts, and, if there are conflicts, that said conflicts may be waived.

Respectfully submitted,

*/s/ Daniel Bache*
Daniel Bache (0086045)
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
*Attorneys for Plaintiffs*
*Attorneys for Defendants Jason Wallace, Daniel Bache, and Wallace & Bache, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, a copy of this pleading was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Daniel Bache*
Daniel Bache (0086045)
*Attorney for Plaintiffs LaRhonda Burton, et al.,*
*Attorney for Defendants Jason Wallace, Daniel*
*Bache, and Wallace & Bache, LLC*